|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>DISTRICT OF PUERTO RICO | |
| MARCY MITCHELL and RICHARD SCHWARTZ,<br><br>     Plaintiffs,<br><br>     v.<br><br>EL CONQUISTADOR RESORT and RESTAURANT ASSOCIATES OF PUERTO RICO d/b/a STINGRAY CAFÉ,<br><br>     Defendants. | Civil No. 11-1445 (JAF) |

## **OPINION AND ORDER**

Plaintiffs bring this personal injury diversity suit alleging negligence and seeking damages under Articles 1802 and 1803 of the Civil Code of Puerto Rico, 31 L.P.R.A., §§ 5141 and 5142. (Docket Nos. 1; 23.) Conquistador Resort ("Conquistador") cross-claims against codefendant Restaurant Association of Puerto Rico, d/b/a Stingray Café ("the Café"), arguing that a "hold harmless" agreement between the two codefendants obliges the Café to indemnify Conquistador for any judgment awarded to Plaintiffs, as well as costs and fees. (Docket No. 25.) In turn, the Café has also brought a cross-claim against codefendant Conquistador, arguing that in the event of a judgment, Conquistador would be liable to the Café "by way of contribution and/or indemnity." (Docket 31 at 5.) Conquistador now moves for partial summary judgment for its cross-claim against the Café. (Docket No. 46.) Curiously, the Café does not respond, but Plaintiffs do oppose. (Docket Nos. 48; 49.) Defendants respond. (Docket No. 54.)

# I.

## **Factual and Procedural Background**

We derive the following facts from the parties' motions, properly supported statements of uncontested material facts, and exhibits. (Docket Nos. 46; 46-1; 48; 55.) To begin, we note that the non-moving parties (the Café and Plaintiffs) have failed to contest Conquistador's statements of uncontested facts properly under Local Rule 56, which requires the nonmoving party to submit a "separate, short, and concise statement of material facts [that] shall admit, deny or qualify the facts supporting the motion for summary judgment . . . . [they] shall support each denial or qualification by a record citation as required by this rule." D.P.R.R. 56(c). Although Plaintiffs submit a separate statement of material facts, the First Circuit "has previously held that submitting an 'alternate statement of facts,' rather than admitting, denying, or qualifying a defendant's assertions of fact 'paragraph by paragraph as required by Local Rule 56(c),'" flunks the requirements of the local rule. Mariani-Colon v. Dep't of Homeland Sec., 511 F.3d 216, 219 (1st Cir. 2007) (quoting Hernandez v. Philip Morris USA, Inc., 486 F.3d 1, 7 (1st Cir. 2007)). Therefore, we deem those properly supported facts in Conquistador's statement of facts uncontested, but we will also consider the statements in Plaintiffs' additional statements of fact admitted or not properly contested by Conquistador. Cosme-Rosado v. Serrano-Rodriguez, 360 F.3d 42, 45 (1st Cir. 2004).

Plaintiffs, husband and wife, booked a weeklong stay at the Conquistador hotel and resort. (Docket No. 48 at 8.) "At El Conquistador, there is a funicular that runs from the building of the hotel down to the Marina level." (Docket No. 46-1 at 1.) On the evening of December 24, 2009, co-plaintiff Marcy Mitchell ("Mitchell") "took the funicular all the way

Civil No. 11-1445 (JAF)                                                                                          -3-

down to the Marina and went to have dinner at Stingray Café." (Id. at 2.) After a rain squall lasting over forty-five minutes, Mitchell "noticed there was water accumulated on the floor, near the funicular area" so she asked the restaurant manager if there was a way to get back up to the main level without using the funicular, and was told that the funicular was the only way back up. (Id.) Concerned about the walk back, Mitchell requested that the restaurant manager accompany them to the funicular, and he did. (Id. at 3.) Unfortunately, on the walk to reach the funicular, Mitchell slipped and fell in a wet area between the Café and the funicular. (Docket Nos. 48 at 11; 55 at 9.) The wet area in question near the funicular "has a gazebo like roof, with open sides, and the area [Mitchell] describes [as] flooded was the area closest to the funicular." (Docket No. 46-1 at 2.)

The parties disagree over the extent to which the area had flooded, whether "the floor was 'slippery' compared to an established benchmark," whether the hotel had previously used wet vacs to remove the water, and whether the funicular was indeed the only means of transportation to return to the main level of the resort. (Docket No. 55 at 12–13.) However, "Conquistador admits that the employees of its Housekeeping Department maintain the surface of the floor of the marina concierge area, including the surface of the floor under the gazebo located in the marina concierge area." (Docket No. 55 at 8–9.)

But the disputed duties and details described above prove less important for summary judgment purposes than the "Concession Agreement" between Conquistador ("the Hotel") and the Café ("Concessionaire"). (Docket No. 46-1 at 4.) The Concession Agreement, which was in force on the date of Mitchell's fall, contains a "Hold Harmless clause" at Article 13, which states:

> Concessionaire shall indemnify and save the Hotel ….[and related parties] against and from any and all liabilities, fines, suits,

> claims, demands, expenses and actions of any kind or nature arising by reason of injury to person or property occurring in the premises or the operation of Concessionaire's business, occasioned in whole or in part by any act or omission on the part of Concessionaire or an employee (whether or not acting within the scope of employment), servant, agent, licensee, visitor, assign or under-concessionaire of the Concessionaire, or by any use or occupancy of the Premises or any breach, violation or non-performance of any covenant in this Concession Agreement on the part of the Concessionaire to be observed or performed.

(Id.; Docket No. 46-3 at 18.) The above clause is the subject of Conquistador's partial summary judgment motion.

## II.

## Summary Judgment Standard

We must grant a motion for summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is "genuine" if it could be resolved in favor of either party and "material" if it potentially affects the outcome of the case. Calero-Cerezo v. U.S. Dep't of Justice, 355 F.3d 6, 19 (1st Cir. 2004). The movant carries the burden of establishing that there is no genuine dispute as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). The movant may satisfy this burden by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, . . . or other materials." Fed. R. Civ. P. 56(c)(1)(A). Furthermore, to establish the absence of a genuine dispute of material fact, the movant need not produce evidence but may instead point to a lack of evidence supporting the nonmovant's case. Fed. R. Civ. P. 56(c)(1)(B); see also Celotex, 477 U.S. at 325. "Once the moving party has made a

preliminary showing that no genuine [dispute] of material fact exists, the nonmovant must produce specific facts, in suitable evidentiary form, to establish the presence of a trialworthy [dispute]." Clifford v. Barnhart, 449 F.3d 276, 280 (1st Cir. 2006) (internal quotation marks omitted); see also Fed. R. Civ. P. 56(c)(1). In evaluating a motion for summary judgment, we must view the record in the light most favorable to the nonmovant. Reeves v. Sanderson Plumbing Prods., 530 U.S. 133, 150–51 (2000). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). Furthermore, the failure to timely oppose a "motion for summary judgment, does not, in itself, justify entry of summary judgment against that party," since we are "still obliged to consider the motion on its merits, in light of the record as constituted, in order to determine whether judgment would be legally appropriate." Mullen v. St. Paul Fire & Marine Ins. Co., 972 F.2d 446, 452 (1st Cir. 1992) (internal quotation marks omitted) (quoting Kelly v. United States, 924 F.2d 355, 358 (1st Cir. 1991)).

## III.

## Analysis

Conquistador seeks partial summary judgment against the Café, arguing that: (1) the Hold Harmless clause is an indemnity agreement, which was triggered because Plaintiff's accident occurred in the operation of the Café's business, and (2) that if the Café is found "at least in part at fault," then the Café should be liable to Plaintiff for the entire judgment or, in the alternative, reimburse Conquistador for any amount paid related to the accident, as well as costs and attorneys' fees. (Docket No. 46 at 14.) As discussed below, the record contains too many genuine disputes of material fact, which preclude granting summary judgment on this issue.

Under Puerto Rico law, the parties may generally "bargain for a 'hold harmless' agreement that indemnifies the indemnitee for varying degrees of liability . . . . If the parties' intent is clear, these provisions will be upheld so long as the court finds no breach of duty to the public." R.L. Meyers III & D.A. Perelmann, Risk Allocation Through Indemnity Obligations in Construction Contracts, 40 S.C. L. Rev. 989, 990–91 (1989), cited approvingly in Torres Solís v. Autoridad de Energía Eléctrica de P.R., 136 P.R. Dec. 302, 313-16, 1994 Juris P.R. 89 (1994) (holding an indemnity clause enforceable).

The hold harmless clause at issue covers claims "arising by reason of injury to person or property occurring in the premises or the operation of [the Café's] business, occasioned in whole or in part by any act or omission on the part of [the Café] or an employee" of the Café. (Docket 46 at 11.) Conquistador argues that Mitchell's accident occurred "in the operation of the" Café, and that she only attempted to ascend via the funicular "because the restaurant manager told [her] to" do so.[1] (Id. at 12.) Therefore, Conquistador argues, the Café "is at least partly at fault and hence liable for her injuries." (Id.)

We decline to reach such a hasty judgment given the many genuine disputes of material fact clouding the record before us. Such a decision would usurp the factfinder's role in determining the duties of care, potential breaches of those duties, and the cause of the fall involved in this case. The hold harmless clause has a limited scope of coverage, pertaining only to injuries "occasioned in whole or in part by any act or omission on the part of [the Café] or an employee." (Id. at 11.) The record before us, examined in the light most favorable to the nonmoving parties, does not contain uncontested facts sufficient to show

---

[1] Conquistador cites Mitchell's deposition for the proposed statement of fact that the "only reason Ms. Mitchell walked through the flooded area was because the restaurant staff and manager told her that the funicular was the only way up." (Docket No. 46-1 at 3.) In the pages cited, Mitchell does indeed state that she was told that the funicular was the only way up, but she does not aver that such statement was the "only" reason for her decision to walk through the flooded area. (Docket No. 46-2 at 48–49.)

Civil No. 11-1445 (JAF)                                                                                              -7-

that Mitchell fell solely because of the manager's statement that the funicular was the only way back up to hotel's the main level (especially if it turns out that the funicular is, indeed, the only way back up). Indeed, the manager accompanied her when she decided to return, and nothing in the record indicates that his escorting the party proved to be an act occasioning her fall. A jury might well find that the manager's actions had no impact on the causal chain leading to her fall, and that she fell due to Conquistador's negligence in failing its duty of care to guests by failing to properly maintain the gazebo area free of water. Alternately, a jury might well find that her accident did not occur "in the operation of the restaurant" within the clause meaning because her accident occurred outside of the restaurant (after the meal was over and paid for) in an area that Conquistador admits is maintained by Conquistador employees. (Docket No. 55 at 8–9.) The hold harmless clause might well require the Café to indemnify Conquistador in the event of a jury award, but we cannot make that determination now, given the murky record before us.

## IV.

## Conclusion

For the foregoing reasons, we hereby **DENY** Conquistador's motion for partial summary judgment. (Docket No. 46.) We have already suggested that the parties settle this case but, if they cannot reach an agreement, we will conduct trial as scheduled on Monday, May 14, 2012.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 11th day of May, 2012.

                                s/José Antonio Fusté
                                JOSE ANTONIO FUSTE
                                United States District Judge