UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

MARCY MITCHELL, et al.,

    Plaintiffs,

    v.

EL CONQUISTADOR RESORT, et al.,

    Defendants.

Civil No. 11-1445 (JAF)

**OPINION AND ORDER**

El Conquistador Resort moves to dismiss, alleging fraud on the court and spoliation of evidence. (Docket No. 71.) Codefendant Restaurant Associates of Puerto Rico moves to join the motion. (Docket No. 72.)

Defendants argue that Plaintiffs lied under oath about their travels after the accident and removed important pictures from the profile of co-plaintiff Richard Schwartz on Google Plus, a social networking website. Defendants recently discovered the photographs, which depicted co-plaintiff Mitchell—who brings this suit for her allegedly severe injuries—dancing at her daughter's Bat Mitzvah and "descending a zip-line and smiling" roughly a year after her injury. (Docket No. 71 at 4.) Defendants seek dismissal or sanctions, arguing that the removal of the photographs and the misleading testimony regarding their post-injury travels constitute fraud on the court or, in the alternative, spoliation of evidence.

Fraud on the court "refers to an unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter involving an officer of the court . . . . [The First Circuit has] said that perjury alone has never been sufficient" to constitute fraud on the court. Roger Edwards, LLC v. Fiddes & Son, 427 F.3d 129, 133 (1st Cir. 2005) (internal quotation marks and citations omitted). Moreover, at this time we decline to assign a motive into the removal

Civil No. 11-1445 (JAF)                                                                                                    -2-

of the pictures "AFTER they were announced as evidence [sic]" by Defendants. (Docket No. 71 at 5.) Removal of the photos from a social networking profile does not change the fact that the photos are known to defendants, and will probably be entered into evidence with this court.

For similar reasons, we reject Defendants' spoliation arguments. Cross-examination will give Defendants an adequate opportunity to expose any dishonesty to the jury; Plaintiffs' actions have not "caused them undue prejudice in the preparation of their defense." Perez-Velasco v. Suzuki Motor Co., 266 F. Supp. 2d 266, 269 (D.P.R. 2003). Here, there is no evidence to exclude—only additional evidence, "[a]nd there is an even more rudimentary requirement: the party urging that spoliation has occurred must show that there is evidence that has been spoiled (i.e., destroyed or not preserved)." Gomez v. Stop & Shop Supermarket Co., 670 F.3d 395, 399 (1st Cir. 2012) (citations omitted). The pictures will be in evidence. Dismissal as a sanction for spoliation is a harsh measure reserved only for extreme situations, and runs counter to the "strong policy favoring the disposition of cases on the merits." Collazo-Santiago v. Toyota Motor Corp., 149 F.3d 23, 28 (1st Cir. 1998).

Defendants will be allowed to cross-examine Plaintiffs about the photographs and impeach the deposition testimony during trial; Plaintiffs' behavior, deceitful as it may be, does not merit sanctions or dismissal at this time. The jury will have the opportunity to hear about this evidence. Attorneys' fees, in the event of an adverse verdict, will be a more appropriate sanction. Defendants' motion, (Docket No. 71), is **DENIED**.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 14th day of May, 2012.

                                              s/José Antonio Fusté
                                              JOSE ANTONIO FUSTE
                                              United States District Judge